RECEIVED

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

2001 JUN 13  P 1: 03     SOUTHERN DIVISION

**FILED**

JUN 1 3 2001

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| RALPH MICHAEL DAUGHTRY,<br>Individually and as Executor of the Estate<br>of David W. Daughtry, Deceased;<br>KENNETH DALE DAUGHTRY; and<br>DAVIS SCOTT DAUGHTRY,<br><br>    Plaintiffs,<br><br>v.<br><br>BIRDSONG PEANUTS, a Division of<br>Birdsong Corporation; BIRDSONG<br>CORPORATION, a Georgia Corporation,<br>CIGNA GROUP INSURANCE; LIFE<br>INSURANCE COMPANY OF NORTH<br>AMERICA; WILTON SEGERS; and<br>RICHARD CROZIER,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>CIVIL ACTION NO. 01-D-704-S |

## JOINT NOTICE OF REMOVAL

Defendants Life Insurance Company of North America ("LINA"), Birdsong Peanuts, Birdsong Corporation, Wilton Segers, and Richard Crozier (collectively "Defendants")[1], pursuant to 28 U.S.C. § 1446, hereby file this Joint Notice of Removal of this case based on federal question jurisdiction from the Circuit Court of Dale County, Alabama, Case No. CV-01-186, where it is currently pending, to the United States District Court for the Middle District of Alabama, and respectfully shows the Court as follows:

---

[1] Plaintiffs also named CIGNA Group Insurance as a defendant in their original and First Amended Complaint. To date, CIGNA Group Insurance, which is not a corporate entity, has not been served with a summons or complaint. LINA has filed a motion to dismiss CIGNA Group Insurance on that basis contemporaneously herewith. The proper insurer defendant is LINA which has filed an Answer to plaintiffs' First Amended Complaint contemporaneously herewith.

1.      Ralph Michael Daughtry, Individually and as Executor of the Estate of David W. Daughtry, Deceased; Kenneth Dale Daughtry, and Davis Scott Daughtry, ( "Plaintiffs") instituted this civil action with the filing of their original complaint in the Circuit Court of Dale County, Alabama, on May 14, 2001. Plaintiffs filed their First Amended Complaint on May 18, 2001.

2.      A true and correct copy of all process and pleadings, including the original Complaint as served on Birdsong Peanuts on May 15, 2001, Birdsong Corporation on May 16, 2001, Richard Crozier on May 21, 2001, and Wilton Segers on May 23, 2001, is attached hereto as Exhibit "A" and is incorporated herein by reference. Plaintiffs' First Amended Complaint was served on LINA on May 21, 2001. To date, CIGNA Group Insurance has not been served with process of any complaint.

3.      This action against Defendants could have been originally filed in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1), in that Plaintiffs seek to recover benefits under an employer-sponsored plan and for conduct related to the failure to pay benefits allegedly due to them under such employer-sponsored plan.

4.      This Notice of Removal is filed within thirty (30) days after receipt by any Defendant of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

5.      The United States District Court for the Middle District of Alabama, Southern Division, is a federal judicial district embracing the Circuit Court of Dale County, Alabama, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §81(b)(1) and §1441(a).

## FEDERAL QUESTION

6.    By seeking benefits under a group life insurance plan sponsored by their deceased father's employer, Plaintiffs unveil ERISA as the legal foundation for their claims. Among other state law claims, plaintiffs assert a claim for breach of contract, wherein plaintiffs seek payment of benefits under the Plan. See First Amended Complaint at p. 11. The First Amended Complaint further invokes ERISA by demanding compensatory and punitive damages against the Defendants for conduct related to the failure to change beneficiaries and the failure to pay life insurance benefits to plaintiffs under a group life insurance plan. *See, e.g., Butero v. Royal Maccabees Life Insurance Company*, 1999 WL 288123 (11th Cir. May 10, 1999) (ERISA superpreemption applied where compensatory relief demanded by plaintiff was akin to a claim for plan benefits and where plaintiff's claims for fraud, fraud in the inducement, and bad faith refusal to pay also represented claims for plan benefits).

7.    The group life insurance plan is insured by LINA pursuant to group life insurance policy number GL-8023 as issued to Birdsong Corporation. A copy of the group life insurance certificate, which Birdsong Corporation supplied to its employees, is attached hereto as Exhibit "B". Birdsong Corporation is a corporation engaged in commerce or in an industry or activity affecting commerce within the meaning of 29 U.S.C. § 1003(a)(1), and it paid all premiums relating to the group life insurance coverage under the Plan. The group life insurance plan, upon which Plaintiffs' claims against Defendants are based, is part of an employee welfare benefit plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*

8.    Section 514 (a) of ERISA, the preemption clause, provides that the ERISA statute "supersede[s] any and all State laws insofar as they...**relate to** any employee benefit plan". 29 U.S.C. § 1144 (a) (emphasis added).  The ERISA statute broadly defines a "state law" as all "laws, decisions, rules, regulations or other...actions having the effect of law."  29 U.S.C. § 1144 (c).  The United States Supreme Court and the Eleventh Circuit liberally interpret the scope of ERISA's preemption clause, extending the preemption doctrine to include virtually all state law claims arising out, or relating to, participation in and administration of employee benefit plans. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139, 111 S.Ct. 478, 483 (1990) (ERISA preempts all state laws "relating to" employee benefit plans "even if the law is not specifically designed to affect such plans, or the effect is only indirect");  *FMC Corp. v. Holliday*, 498 U.S. 52, 111 S. Ct. 403, 407 (1990) ("The [ERISA] preemption clause is conspicuous for its breadth. It establishes as an area of exclusive federal concern the subject of every state law that `**relates to**' an employee benefit plan governed by ERISA...A law relates to an employee benefit plan if it has `a connection with or reference to such a plan'.") (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97, 103 S. Ct. 2890, 2900 (1983)) (emphasis added);  *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 43, 107 S. Ct. 1549, 1551 (1987) (ERISA "preempts state common law tort and contract actions asserting improper processing of a claim for benefits under an insured employee benefit plan").

The Eleventh Circuit similarly broadly interprets ERISA's expansive preemption clause. *See, e.g., Swerhun v. Guardian Life Ins. Co. of America*, 979 F.2d 195 (11th Cir. 1992) ("ERISA is a comprehensive statute that subjects employee benefit plans to federal regulation...The Supreme Court has noted that the preemption clause `is conspicuous for its

-4-

breadth'...and has instructed that the clause should be `expansively applied'") (citations omitted);

*First Nat. Life Ins. Co. v. Sunshine-Junior Food Stores, Inc.*, 960 F.2d 1546, 1550 (11th Cir.

1992), *cert. denied*, 506 U.S. 1079 (1993) ("Congress used the words 'relates to' in their broad

sense and did not mean to preempt only state laws specifically designed to affect employee benefit

plans...A state law relates to an employee benefit plan if it 'has a connection with or reference to

such a plan'") (citations omitted); *Willett v. Blue Cross and Blue Shield of Alabama*, 953 F.2d

1335, 1341, n.6 (11th Cir. 1992) ("ERISA preempts all state laws `insofar as they may now or

hereafter relate to any employee benefit plan'... Any doubts regarding preemption are resolved

by reference to the Supreme Court's observation that `"the preemption clause is conspicuous for

its breadth"') (citations omitted); *Brown v. Connecticut General Life Ins. Co.*, 934 F.2d 1193,

1196 (11th Cir. 1991) ("ERISA `completely preempts' the area of employee benefits plans",

therefore claims made under state law for benefits under an ERISA plan are converted to federal

claims through ERISA `super preemption') (citation omitted); *Farlow v. Union Cent. Life Ins.

Co.*, 874 F.2d 791, 794 (11th Cir. 1989) (A "state law cause of action `relates to' an employee

benefit plan if the [defendant's] conduct giving rise to such claim was not `wholly remote in

content' from the benefit plan"); *Clark v. Coats & Clark, Inc.*, 865 F.2d 1237, 1243 (11th Cir.

1989) (ERISA preempts all state laws insofar as they "relate to" employee benefit plans, even if

those laws only indirectly regulate the plans.); *Amos v. Blue Cross-Blue Shield of Alabama*, 868

F.2d 430, 431 (11th Cir. 1989), *cert. denied*, 493 U.S. 855, 110 S. Ct. 158 (1989) ("ERISA

preemption is not a gateway but a barrier to state law causes of action, the effect of which is to

completely displace state law claims."); *Howard v. Parisian, Inc.*, 807 F.2d 1560, 1563 (11th

Cir. 1987) (ERISA preempts even state laws that are consistent with the provisions of ERISA);

*Jackson v. Martin Marietta Corp.*, 805 F.2d 1498, 1499 (11th Cir. 1986) ("[S]tate laws found to be beyond the scope of § 1144(a) [ERISA's preemption clause] are few."). *See also Brown v. Blue Cross & Blue Shield of Alabama*, 837 F. Supp. 376, 378 (M.D. Ala. 1993) (claims for misrepresentation and fraud in the inducement as to coverage to be provided under a plan were preempted because they were not wholly remote in content from the plan and related to plaintiff's reduced coverage under the plan). *Brown v. Neely Truck Line, Inc.*, 884 F.Supp. 1534, 1537 (M.D. Ala. 1995) (fraud, breach of contract, breach of fiduciary duty, conversion and bad faith claims were preempted under ERISA).

9.    Accordingly, Plaintiffs' state law claims against Defendants are completely preempted by ERISA. *See also Pilot Life Ins. Co. v. Dedeaux*, 48 U.S. 41, 107 S.Ct. 1549 (1987) (ERISA preempts breach of contract and tortious breach of contract and emotional distress claims related to denial of benefits); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 1987). Plaintiffs' remedy, if any, is limited to that provided by ERISA's civil enforcement provisions, 29 U.S.C. § 1132.

10.    This Court has jurisdiction over the claims asserted by Plaintiffs against Defendants pursuant to 29 U.S.C. § 1132(e)(1). Furthermore, Plaintiffs' claims raise a federal question over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

11.    This action is removable to this Court pursuant to 28 U.S.C. § 1441(b), because the claim against Defendants involves exclusive federal remedies available to participants or beneficiaries under ERISA plans, pursuant to 29 U.S.C. § 1132(a).

-6-

12.    The grounds for removal on the basis of ERISA are set forth above.  This cause of action, which could have originally been filed in this Court, is subject to removal under 28 U.S.C. § 1441(b) as an action arising under federal law.

## MISCELLANEOUS

13.    A copy of this Joint Notice of Removal is being filed with the Clerk of the Circuit Court of Dale County, Alabama, as provided by law, and written notice is being sent to Plaintiffs' counsel.

14.    Defendants have not sought similar relief.

15.    The prerequisites for removal under 28 U.S.C. § 1441 have been met.

16.    The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Middle District of Alabama, and this cause is removable to the United States District Court for the Middle District of Alabama.

17.    If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of its position that this cause is removable.

**WHEREFORE, PREMISES CONSIDERED,** Defendants, by and through their counsel, desiring to remove this civil action to the United States District Court for the Middle District of Alabama, Southern Division, being the district and division for the county in which such civil action is pending, pray that the filing of this Petition for and Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Petition for and Notice of Removal with the clerk of the Circuit Court of Dale County, Alabama, shall effect the removal of said civil action to this Honorable Court.

-7-

Respectfully submitted this ___ day of June, 2001.

William B. Wahlheim, Jr. (WAH001)
Attorney for Defendant,
Life Insurance Company of North America

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

Allen Livingston, Esq.
Jason Eubanks, Esq.

Attorneys for Defendants
Birdsong Peanuts, Birdsong Corporation, Wilton
Segers, and Richard Crozier

OF COUNSEL:

Lee & McInish
204 West Main Street
P.O. Box 1665
Dothan, Alabama 36302

-8-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed person by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this the 13 day of June, 2001:

W. Davis Malone, III, Esq.
Farmer, Farmer, Malone & Sherrer, P.A.
112 West Troy Street
P. O. Drawer 668
Dothan, Alabama 36302-0668

OF COUNSEL

IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA

RALPH MICHAEL DAUGHTRY, INDIVIDUALLY )
AND AS EXECUTOR OF THE ESTATE OF DAVID W. )
DAUGHTRY, DECEASED; KENNETH DALE )
DAUGHTRY; AND DAVID SCOTT )
DAUGHTRY, )
 )
PLAINTIFFS, )
 )
VS. )    CASE NO. CV **2001-1869**
 )
BIRDSONG PEANUTS, A DIVISION OF )
BIRDSONG CORPORATION; BIRDSONG )
CORPORATION, A GEORGIA CORPORATION; )
CIGNA GROUP INSURANCE; WILTON )    **DEMAND FOR JURY TRIAL**
SEGARS; AND RICHARD CROZIER, )
 )
DEFENDANTS. )

## COMPLAINT

Ralph Michael Daughtry, individually and as Executor the Estate of David W. Daughtry, Deceased, Kenneth Dale Daughtry, and David Scott Daughtry file the following complaint against Birdsong Corporation:

1.      Defendant Birdsong Peanuts ("Birdsong Peanuts") is a division of defendant Birdsong Corporation and was, at all times relevant to this action, operating a peanut buying point (the "Buying Point") in Newton, Alabama.

2.      Defendant Birdsong Corporation ("Birdsong") is a Virginia Corporation that was during the relevant times referenced in this complaint, and still is, qualified to do business in the state of Alabama.

3.      Defendant CIGNA Insurance Group ("CIGNA") is, upon information and belief, an insurance company authorized to market and sell, among other things, group life insurance policies in the state of Alabama.

4.      Defendant Wilton Segars ("Segars") is, upon information and belief, over the age of nineteen (19) years and a resident of Dale County, Alabama.

5.      Defendant Richard Crozier ("Crozier") (Birdsong Peanuts, Birdsong, CIGNA, Segars, and Crozier are, collectively, the "Defendants") is, upon information and belief, over the age of nineteen (19) years and a resident of Dale County, Alabama.

6.      Ralph Michael Daughtry ("Mike Daughtry") is a resident of Dale County, Alabama, the Executor of the Estate of David W. Daughtry, Deceased, and a son of David W. Daughtry, Deceased.

7.      Kenneth Dale Daughtry ("Dale Daughtry") and David Scott Daughtry ("Scott Daughtry") are residents of Dale County, Alabama, and are sons of David W. Daughtry, Deceased (Dale Daughtry, Mike Daughtry and Scott Daughtry are, collectively, the "Sons").

8.      David W. Daughtry, Deceased ("Daughtry") was employed with Birdsong at the Buying Point until on or about the date of his death.

9.      Daughtry obtained in May 1990, a group life insurance policy on his life (the "Policy") as a result of his being employed by and through his employment with Birdsong.

10.      When Daughtry obtained the Policy, he was married to and listed the beneficiary of the Policy as Linda E. Daughtry (his "Ex-Wife"), who Daughtry legally divorced more than several years ago.

11.     On several occasions during the months of October through December, 2000, Daughtry communicated to defendants Segars and Crozier, and other agents, employees and representatives of defendants Birdsong Peanut, Birdsong and CIGNA that he wanted the Sons made the sole beneficiaries of the Policy. On such occasions, and other occasions during such time period, the Defendants and their agents, employees and representatives communicated assurances and promises to and represented to Daughtry and the Sons that they, the Defendants:

a.     Would cause the beneficiaries on the Policy to be changed to solely the Sons; and

b.     Would change the beneficiaries under the Policy to solely the Sons; and

c.     Had "taken care of" and caused the beneficiaries on the Policy to be changed to solely the Sons and "to quit worrying about it;" and

d.     Had "taken care of" and changed the beneficiary on the Policy to solely the Sons and "to quit worrying about it;" and

e.     Would "see to it" that the Sons received the proceeds under the Policy upon the death of Daughtry.

12.     Daughtry died December 18, 2000.

13.     Upon information and belief, the Sons are not the sole beneficiaries of the Policy, and the Ex-Wife is still listed as the only beneficiary on the Policy.

14.     The Sons have notified Birdsong in writing of their claim to the proceeds of the Policy.

3

15.    Neither the Estate nor the Sons have received any proceeds under the Policy.

## COUNT I
### (NEGLIGENCE, WANTONNESS)

16.    Plaintiffs reallege the allegations set forth in all prior paragraphs of this complaint as if set forth here in full.

17.    Defendants, by and through their agents, employees and representatives, owed and otherwise undertook a duty to Daughtry and the Sons to change the beneficiaries of the Policy from the Ex-Wife to solely the Sons.

18.    Defendants Birdsong Peanut, Birdsong and CIGNA owed and otherwise undertook a duty to the Sons to "see to it" that the proceeds from the Policy would be paid to the Sons as the sole beneficiaries under the Policy upon the death of Daughtry.

19.    The Defendants breached their duties to the plaintiffs as follows:

a.    By failing to change the beneficiaries under the Policy from the Ex-Wife to solely the Sons; and

b.    By failing to "see to it" that the proceeds of the Policy were paid to the Sons as the sole beneficiaries upon the death of Daughtry.

20.    As a result of the Defendants' aforesaid negligence and/or wantonness, the Sons were not listed as the sole beneficiaries on the Policy and have not received the proceeds under the Policy as the sole beneficiaries.

21.    The Sons have suffered severe mental anguish and emotional distress from the injuries and damages caused by the Defendants as a consequence of their breach of the foregoing duties owed to the plaintiffs.

WHEREFORE, the plaintiffs demand judgment against the Defendants for compensatory and punitive damages in an amount to be determined by a jury, mental anguish and emotional distress, interest and costs of this action.

### COUNT II
### (NEGLIGENT AND WANTON HIRING AND SUPERVISION)

22.    Plaintiffs reallege the allegations set forth in all prior paragraphs of this complaint as if set forth here in full.

23.    Upon assuming and undertaking a duty to change beneficiaries and ensure that the benefits would be paid to the Sons, Birdsong Peanut, Birdsong and CIGNA owed and otherwise undertook a duty to Daughtry and the Sons to properly, and in a non-negligent and non-wanton fashion, hire, manage and supervise its agents, employees and representatives to change the beneficiaries on the Policy as requested by Daughtry so that the Sons would be the sole beneficiaries under the Policy and to "see to it" that the proceeds under the Policy would be paid to the Sons as the sole beneficiaries upon the death of Daughtry. Birdsong Peanut, Birdsong and CIGNA breached their duties to Daughtry and the Sons by negligently and/or wantonly hiring, managing and supervising its agents, employees and/or representatives to change the beneficiaries on the Policy as requested by Daughtry so that the Sons would be the sole beneficiaries under the Policy and to "see to it" that the

F:\WPDN\PLEADING\COMPLAINTS\DAUGHTRY03-COMPLAINT.DOC

proceeds under the Policy would be paid to the Sons as the sole beneficiaries upon the death of Daughtry.

24.     As a result of the Birdsong Peanut's, Birdsong's and CIGNA's aforesaid negligence and/or wantonness, the Sons were not listed as the sole beneficiaries on the Policy and have not received the proceeds under the Policy as the sole beneficiaries.

25.     The Sons have suffered severe mental anguish and emotional distress from the injuries and damages caused by Birdsong Peanut, Birdsong and CIGNA as a consequence of their breach of the foregoing duties owed to the plaintiffs.

WHEREFORE, the plaintiffs demand judgment against Birdsong Peanut, Birdsong and CIGNA for compensatory and punitive damages in an amount to be determined by a jury, mental anguish and emotional distress, interest and costs of this action.

### COUNT III
### (SUPPRESSION)

26.     Plaintiffs reallege the allegations set forth in all prior paragraphs of this complaint as if set forth here in full.

27.     Birdsong Peanut and Birdsong, by and through their agents, employees and representatives, and Segars and Crozier failed to disclose to Daughtry and the Sons that they (a) had not taken the action necessary to cause the change of, (b) had not changed, and (c) would not change the beneficiary on the Policy from the Ex-Wife to solely the Sons and further failed to disclose that the proceeds under the Policy would not be paid to the Sons as the sole beneficiaries under the Policy upon the death of Daughtry

28.    Daughtry and the Sons were unaware that defendants Birdsong Peanut, Birdsong, Segars, and Crozier and their agents, employees and representatives, had not taken the necessary action to change and had not changed and would not change the beneficiary under the Policy from the Ex-Wife to solely the Sons and that the proceeds under the Policy would not be paid to the Sons as the sole beneficiaries under the Policy at Daughtry's death.

29.    Daughtry and the Sons changed their position by not pursuing further the change of the beneficiary from the Ex-Wife to the Sons as the sole beneficiaries under the Policy, so that as the facts exist today, the Ex-Wife is still designated as the sole beneficiary under the Policy.

30.    As a proximate result of the suppression alleged in this Count, the plaintiffs were caused to suffer the following damages:

a.    the Sons were not listed as the sole beneficiaries on the Policy;

b.    the Sons have not received the proceeds under the Policy as the sole beneficiaries thereunder as a result of Daughtry's death; and

c.    the Sons have suffered severe mental anguish and emotional distress.

31.    The plaintiffs claim punitive damages because of the intentional, gross or reckless nature of the suppression alleged in this Count.

WHEREFORE, the plaintiffs demand judgment against defendants Birdsong Peanut, Birdsong, Segars, and Crozier for compensatory and punitive damages in an amount to be determined by a jury, mental anguish and emotional distress, interest and costs of this action.

## COUNT IV
### (PROMISSORY FRAUD)

32.    Plaintiffs reallege the allegations set forth in all prior paragraphs of this complaint as if set forth here in full.

33.    The Defendants, themselves and by and through their respective agents, employees and representatives, knew that the representations made to Daughtry and the Sons, which include, but are not limited to the representations in paragraph 11 of this complaint, were false at the time they made the representations. The Defendants, nevertheless, made such representations to induce Daughtry and the Sons to no longer pursue the change of the beneficiary of the Policy from the Ex-Wife to solely the Sons.

34.    The representations that the Defendants made to Daughtry and the Sons, which include, but are not limited to the representations in paragraph 11 of this complaint, were false.

35.    The Daughtrys relied on the representations by discontinuing their questions and ending their concerns and pursuit regarding the Policy and by allowing Defendants to change the beneficiary on the Policy and by relying on Defendants to ensure that the Sons received the benefits from the Policy.

36.    As a proximate result of the promissory fraud alleged in this Count, the plaintiffs were caused to suffer the following damages:

a.    the Sons were not listed as the sole beneficiaries on the Policy;

b.    the Sons have not received all of the proceeds under the Policy as a result of Daughtry's death; and

c.    the Sons have suffered severe mental anguish and emotional distress.

37.    The plaintiffs claim punitive damages because of the intentional, gross or reckless nature of the Defendants' promissory fraud as alleged in this Count.

WHEREFORE, the plaintiffs demand judgment against the Defendants for compensatory and punitive damages in an amount to be determined by a jury, mental anguish and emotional distress, interest and costs of this action.

## COUNT V
### (FRAUD AND MISREPRESENTATION)

38.    Plaintiffs reallege the allegations set forth in all prior paragraphs of this complaint as if set forth here in full.

39.    The representations, which include, but are not limited to the representations in paragraph 11 above, that the Defendants and their agents, employees and representatives made to the Daughtrys were false and the Defendants and their agents, employees and representatives knew they were false.

40.    The Daughtrys believed the said representations and relied on them and acted upon them by allowing Defendants to change the beneficiary on the Policy and relying on Defendants to ensure that the Sons received the benefits from the Policy.

41.    As a proximate result of the said fraud, the Daughtrys were caused to suffer the following damages:

a.    the Sons were not listed as sole beneficiaries on the Policy;

b.    the Sons have not received all of the proceeds under the Policy as a result of Daughtry's death; and

c.    the Sons suffered severe mental anguish and emotional distress.

42.    The Daughtrys claim punitive damages because of the intentional, gross or reckless nature of the fraud.

WHEREFORE, the Daughtrys demand judgment against the Defendants for compensatory and punitive damages in an amount to be determined by a jury, mental anguish and emotional distress, interest and costs of this action.

## COUNT V
### (OUTRAGE)

43.    Plaintiffs reallege the allegations set forth in all prior paragraphs of this complaint as if set forth here in full.

44.    When dealing with the Daughtrys concerning the Policy and the death and burial of David Daughtry, Birdsong, Birdsong Peanuts, Segars and Crozier, by and through their agents, employees and representatives, intentionally or recklessly caused David Daughtry and the Sons emotional distress so severe that no reasonable person could be expected to endure it.

45.    When dealing with plaintiffs concerning the Policy and the death and burial of David Daughtry, Birdsong, Birdsong Peanuts, Segars and Crozier, by and through their agents, employees and representatives, exhibited conduct that was extreme and outrageous and went beyond all possible bounds of decency and would be regarded as atrocious and utterly intolerable in a civilized society.

WHEREFORE, the Daughtrys demand judgment against Birdsong, Birdsong Peanuts, Segars and Crozier for compensatory and punitive damages in an amount to be determined by a jury, mental anguish and emotional distress, interest and costs of this action.

## COUNT VI
### (BREACH OF CONTRACT)

46.     Plaintiffs reallege the allegations set forth in all prior paragraphs of this complaint as if set forth here in full.

47.     Birdsong, Birdsong Peanut, Segars and Crozier and the Daughtrys entered into a verbal and/or written agreement by which Birdsong, Birdsong Peanut, Segars and Crozier, by and through their agents, employees and representatives, promised David Daughtry and the Sons on several occasions that Birdsong, Birdsong Peanuts, Segars and Crozier would "see to it" and "take care of" the change of beneficiary on and/or had taken care of the change of beneficiary on the Policy, and Birdsong, Birdsong Peanuts, Segars and Crozier promised to ensure that the Sons would be paid the benefits from the Policy.

48.     Birdsong, Birdsong Peanuts, Segars and Crozier breached the agreement by failing to ensure that the Sons were listed as beneficiaries on the Policy, by failing to cause the change of the beneficiaries under the Policy to be changed to solely the Sons, and by failing to ensure that and cause the proceeds from the Policy to be paid to the Sons.

WHEREFORE, the Daughtrys demand judgment against Birdsong, Birdsong Peanut, Segar and Crozier in such sum and amount of compensatory damages as a jury deems reasonable, together with interest and costs of this proceeding.

Respectfully submitted this _____ day of May, 2001.

W. Davis Malone, III (MAL012)
Attorney for the plaintiffs

OF COUNSEL:

FARMER, FARMER, MALONE & SHERRER, P.A.
112 West Troy Street
Post Office Drawer 668
Dothan, Alabama 36302-0668
(334) 794-8596



FILED
DALE COUNTY, AL

MAY 14 2001

MARY BLUDSWORTH
CIRCUIT CLERK

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand that all issues in this action be tried by a jury.

W. Davis Malone, III (MAL012)
Attorney for the plaintiffs

SERVE DEFENDANTS AT THE FOLLOWING ADDRESS:

Birdsong Corporation
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

Birdsong Peanuts
Highway 134
Newton, Alabama 36352

Birdsong Peanuts
612 Madison Avenue
Suffolk, Virginia 23434-4028

Wilton Segars

_____
_____

Richard Crozier

_____
_____

F:\WPDITP\LEAD\NON-COMPLAIN\TR\DAUGHTRY\OJ-COMPLAINT.DOC

12



STATE OF ALABAMA
UNIFIED JUDICIAL SYSTEM
Mary Bludsworth
P.O. Box 1350
Ozark, AL 36361

RETURN RECEIPT
REQUESTED



CERTIFIED MAIL

7000 0520 0018 3754 2921

$4.16 0 PBB589810
MAILED FROM DOTHAN AL 36303

Birdsong Corporation
c/o The Corporation Co.
2000 Interstate Park Dr.
Suite 204
Montgomery, AL  36109

State of Alabama
Unified Judicial System

**SUMMONS**
**-CIVIL-**

Case Number

Form C-34    Rev 6/88

CV 2001-186

IN THE _____ CIRCUIT _____ COURT OF _____ DALE _____ COUNTY

Plaintiff RALPH MICHAEL DAUGHTRY, ET AL _____ v. Defendant BIRDSONG PEANUTS, ET AL.
                    LIFE INSURANCE COMPANY OF NORTH AMERICA; C/O CT CORPORATION, REGISTERED AGENT
NOTICE TO 2000 INTERSTATE PARK DR., STE 204; MONTGOMERY, AL 36109-5421

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION
TO PROTECT YOUR RIGHTS   YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN
ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT
A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF
OR PLAINTIFF'S ATTORNEY   W. DAVIS MALONE, III, ESQ. _____ WHOSE

ADDRESS IS P.O. DRAWER 668, 112 WEST TROY ST., DOTHAN, AL 36302 _____ .

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN   30   DAYS AFTER THIS SUMMONS AND COMPLAINT
WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR
OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action
upon the defendant.

☒ Service by certified mail of this summons is initiated upon the written request of
_____ pursuant to the Alabama Rules of Civil Procedure.

Date

FILED
DALE COUNTY AL

MAY 1 8 2001

M_____

_Mary Bludsworth_ By: _BW_
Clerk/Register

☒ Certified Mail is hereby requested

_S. M. L._
Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____
                                                                                              (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to
_____

_____ in _____ County,

Alabama on _____
                        (Date)

Date _____    Server's Signature _____

Address of Server _____    Type of Process Server _____

IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA

| | |
|---|---|
| RALPH MICHAEL DAUGHTRY, INDIVIDUALLY ) | |
| AND AS EXECUTOR OF THE ESTATE OF DAVID W. ) | |
| DAUGHTRY, DECEASED; KENNETH DALE ) | |
| DAUGHTRY; AND DAVID SCOTT ) | |
| DAUGHTRY, ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| VS. ) | CASE NO. CV 2001-186 |
| ) | |
| BIRDSONG PEANUTS, A DIVISION OF ) | |
| BIRDSONG CORPORATION; BIRDSONG ) | |
| CORPORATION, A GEORGIA CORPORATION; ) | |
| CIGNA GROUP INSURANCE; LIFE ) | |
| INSURANCE COMPANY OF NORTH ) | **DEMAND FOR JURY TRIAL** |
| AMERICA; WILTON SEGERS; AND ) | |
| RICHARD CROZIER, ) | |
| ) | |
| DEFENDANTS. ) | |

## FIRST AMENDED COMPLAINT

Plaintiffs hereby amend their complaint by adding as a party defendant Life Insurance Company of North America and correcting the spelling of defendant Wilton "Segars" to Wilton "Segers," as follows:

Ralph Michael Daughtry, individually and as Executor the Estate of David W. Daughtry, Deceased, Kenneth Dale Daughtry, and David Scott Daughtry file the following complaint against Birdsong Corporation:

1.     Defendant Birdsong Peanuts ("Birdsong Peanuts") is a division of defendant Birdsong Corporation and was, at all times relevant to this action, operating a peanut buying point (the "Buying Point") in Newton, Alabama.

2.    Defendant Birdsong Corporation ("Birdsong") is a Virginia Corporation that was during the relevant times referenced in this complaint, and still is, qualified to do business in the state of Alabama.

3.    Defendant CIGNA Insurance Group ("CIGNA") and Life Insurance Company of North America ("LICNA") are, upon information and belief, insurance companies authorized to market and sell, among other things, group life insurance policies in the state of Alabama.

4.    Defendant Wilton Segers ("Segers") is, upon information and belief, over the age of nineteen (19) years and a resident of Dale County, Alabama.

5.    Defendant Richard Crozier ("Crozier") (Birdsong Peanuts, Birdsong, CIGNA, Segers, and Crozier are, collectively, the "Defendants") is, upon information and belief, over the age of nineteen (19) years and a resident of Dale County, Alabama.

6.    Ralph Michael Daughtry ("Mike Daughtry") is a resident of Dale County, Alabama, the Executor of the Estate of David W. Daughtry, Deceased, and a son of David W. Daughtry, Deceased.

7.    Kenneth Dale Daughtry ("Dale Daughtry") and David Scott Daughtry ("Scott Daughtry") are residents of Dale County, Alabama, and are sons of David W. Daughtry, Deceased (Dale Daughtry, Mike Daughtry and Scott Daughtry are, collectively, the "Sons").

8.    David W. Daughtry, Deceased ("Daughtry") was employed with Birdsong at the Buying Point until on or about the date of his death

9.    Daughtry obtained in May 1990, a group life insurance policy on his life (the "Policy") as a result of his being employed by and through his employment with Birdsong.

2

10.    When Daughtry obtained the Policy, he was married to and listed the beneficiary of the Policy as Linda E. Daughtry (his "Ex-Wife"), who Daughtry legally divorced more than several years ago.

11.    On several occasions during the months of October through December, 2000, Daughtry communicated to defendants Segers and Crozier, and other agents, employees and representatives of defendants Birdsong Peanut, Birdsong, CIGNA and LICNA that he wanted the Sons made the sole beneficiaries of the Policy. On such occasions, and other occasions during such time period, the Defendants and their agents, employees and representatives communicated assurances and promises to and represented to Daughtry and the Sons that they, the Defendants:

a.    Would cause the beneficiaries on the Policy to be changed to solely the Sons; and

b.    Would change the beneficiaries under the Policy to solely the Sons; and

c.    Had "taken care of" and caused the beneficiaries on the Policy to be changed to solely the Sons and "to quit worrying about it;" and

d.    Had "taken care of" and changed the beneficiary on the Policy to solely the Sons and "to quit worrying about it;" and

e.    Would "see to it" that the Sons received the proceeds under the Policy upon the death of Daughtry.

12.    Daughtry died December 18, 2000.

13.    Upon information and belief, the Sons are not the sole beneficiaries of the Policy, and the Ex-Wife is still listed as the only beneficiary on the Policy.

3

14.    The Sons have notified Birdsong in writing of their claim to the proceeds of the Policy.

15.    Neither the Estate nor the Sons have received any proceeds under the Policy.

## COUNT I
### (NEGLIGENCE, WANTONNESS)

16.    Plaintiffs reallege the allegations set forth in all prior paragraphs of this complaint as if set forth here in full.

17.    Defendants, by and through their agents, employees and representatives, owed and otherwise undertook a duty to Daughtry and the Sons to change the beneficiaries of the Policy from the Ex-Wife to solely the Sons.

18.    Defendants Birdsong Peanut, Birdsong CIGNA, and LICNA owed and otherwise undertook a duty to the Sons to "see to it" that the proceeds from the Policy would be paid to the Sons as the sole beneficiaries under the Policy upon the death of Daughtry.

19.    The Defendants breached their duties to the plaintiffs as follows:

a.    By failing to change the beneficiaries under the Policy from the Ex-Wife to solely the Sons; and

b.    By failing to "see to it" that the proceeds of the Policy were paid to the Sons as the sole beneficiaries upon the death of Daughtry.

20.    As a result of the Defendants' aforesaid negligence and/or wantonness, the Sons were not listed as the sole beneficiaries on the Policy and have not received the proceeds under the Policy as the sole beneficiaries.

21.    The Sons have suffered severe mental anguish and emotional distress from the injuries and damages caused by the Defendants as a consequence of their breach of the foregoing duties owed to the plaintiffs.

WHEREFORE, the plaintiffs demand judgment against the Defendants for compensatory and punitive damages in an amount to be determined by a jury, mental anguish and emotional distress, interest and costs of this action.

## COUNT II
### (NEGLIGENT AND WANTON HIRING AND SUPERVISION)

22.    Plaintiffs reallege the allegations set forth in all prior paragraphs of this complaint as if set forth here in full.

23.    Upon assuming and undertaking a duty to change beneficiaries and ensure that the benefits would be paid to the Sons, Birdsong Peanut, Birdsong, CIGNA and LICNA owed and otherwise undertook a duty to Daughtry and the Sons to properly, and in a non-negligent and non-wanton fashion, hire, manage and supervise its agents, employees and representatives to change the beneficiaries on the Policy as requested by Daughtry so that the Sons would be the sole beneficiaries under the Policy and to "see to it" that the proceeds under the Policy would be paid to the Sons as the sole beneficiaries upon the death of Daughtry. Birdsong Peanut, Birdsong CIGNA, and LICNA breached their duties to Daughtry and the Sons by negligently and/or wantonly hiring, managing

and supervising its agents, employees and/or representatives to change the beneficiaries on the Policy as requested by Daughtry so that the Sons would be the sole beneficiaries under the Policy and to "see to it" that the proceeds under the Policy would be paid to the Sons as the sole beneficiaries upon the death of Daughtry.

24.    As a result of the Birdsong Peanut's, Birdsong's, CIGNA's and LICNA's aforesaid negligence and/or wantonness, the Sons were not listed as the sole beneficiaries on the Policy and have not received the proceeds under the Policy as the sole beneficiaries.

25.    The Sons have suffered severe mental anguish and emotional distress from the injuries and damages caused by Birdsong Peanut, Birdsong CIGNA, and LICNA as a consequence of their breach of the foregoing duties owed to the plaintiffs.

WHEREFORE, the plaintiffs demand judgment against Birdsong Peanut, Birdsong CIGNA, and LICNA for compensatory and punitive damages in an amount to be determined by a jury, mental anguish and emotional distress, interest and costs of this action.

## COUNT III
### (SUPPRESSION)

26.    Plaintiffs reallege the allegations set forth in all prior paragraphs of this complaint as if set forth here in full.

27.    Birdsong Peanut and Birdsong, by and through their agents, employees and representatives, and Segers and Crozier failed to disclose to Daughtry and the Sons that they (a) had not taken the action necessary to cause the change of, (b) had not changed, and (c) would not change the beneficiary

on the Policy from the Ex-Wife to solely the Sons and further failed to disclose that the proceeds under the Policy would not be paid to the Sons as the sole beneficiaries under the Policy upon the death of Daughtry

28.    Daughtry and the Sons were unaware that defendants Birdsong Peanut, Birdsong, Segers, and Crozier and their agents, employees and representatives, had not taken the necessary action to change and had not changed and would not change the beneficiary under the Policy from the Ex-Wife to solely the Sons and that the proceeds under the Policy would not be paid to the Sons as the sole beneficiaries under the Policy at Daughtry's death.

29.    Daughtry and the Sons changed their position by not pursuing further the change of the beneficiary from the Ex-Wife to the Sons as the sole beneficiaries under the Policy, so that as the facts exist today, the Ex-Wife is still designated as the sole beneficiary under the Policy.

30.    As a proximate result of the suppression alleged in this Count, the plaintiffs were caused to suffer the following damages:

a.    the Sons were not listed as the sole beneficiaries on the Policy;

b.    the Sons have not received the proceeds under the Policy as the sole beneficiaries thereunder as a result of Daughtry's death; and

c.    the Sons have suffered severe mental anguish and emotional distress.

31.    The plaintiffs claim punitive damages because of the intentional, gross or reckless nature of the suppression alleged in this Count.

WHEREFORE, the plaintiffs demand judgment against defendants Birdsong Peanut, Birdsong, Segers, and Crozier for compensatory and punitive damages in an amount to be determined by a jury, mental anguish and emotional distress, interest and costs of this action.

COUNT IV
(PROMISSORY FRAUD)

32.    Plaintiffs reallege the allegations set forth in all prior paragraphs of this complaint as if set forth here in full.

33.    The Defendants, themselves and by and through their respective agents, employees and representatives, knew that the representations made to Daughtry and the Sons, which include, but are not limited to the representations in paragraph 11 of this complaint, were false at the time they made the representations. The Defendants, nevertheless, made such representations to induce Daughtry and the Sons to no longer pursue the change of the beneficiary of the Policy from the Ex-Wife to solely the Sons.

34.    The representations that the Defendants made to Daughtry and the Sons, which include, but are not limited to the representations in paragraph 11 of this complaint, were false.

35.    The Daughtrys relied on the representations by discontinuing their questions and ending their concerns and pursuit regarding the Policy and by allowing Defendants to change the beneficiary on the Policy and by relying on Defendants to ensure that the Sons received the benefits from the Policy.

36.    As a proximate result of the promissory fraud alleged in this Count, the plaintiffs were caused to suffer the following damages:

a.    the Sons were not listed as the sole beneficiaries on the Policy;

F:\WORDINFILEAI\INGIOFCOMPLAINTS\DAUGHTRYUI AMENDED COMP.DOC

b.      the Sons have not received all of the proceeds under the Policy as a result of Daughtry's death; and

c.      the Sons have suffered severe mental anguish and emotional distress.

37.     The plaintiffs claim punitive damages because of the intentional, gross or reckless nature of the Defendants' promissory fraud as alleged in this Count.

WHEREFORE, the plaintiffs demand judgment against the Defendants for compensatory and punitive damages in an amount to be determined by a jury, mental anguish and emotional distress, interest and costs of this action.

## COUNT V
### (FRAUD AND MISREPRESENTATION)

38.     Plaintiffs reallege the allegations set forth in all prior paragraphs of this complaint as if set forth here in full.

39.     The representations, which include, but are not limited to the representations in paragraph 11 above, that the Defendants and their agents, employees and representatives made to the Daughtrys were false and the Defendants and their agents, employees and representatives knew they were false.

40.     The Daughtrys believed the said representations and relied on them and acted upon them by allowing Defendants to change the beneficiary on the Policy and relying on Defendants to ensure that the Sons received the benefits from the Policy.

41.     As a proximate result of the said fraud, the Daughtrys were caused to suffer the following damages:

       a.     the Sons were not listed as sole beneficiaries on the Policy;

       b.     the Sons have not received all of the proceeds under the Policy as a result of Daughtry's death; and

       c.     the Sons suffered severe mental anguish and emotional distress.

42.     The Daughtrys claim punitive damages because of the intentional, gross or reckless nature of the fraud.

WHEREFORE, the Daughtrys demand judgment against the Defendants for compensatory and punitive damages in an amount to be determined by a jury, mental anguish and emotional distress, interest and costs of this action.

### COUNT V
### (OUTRAGE)

43.     Plaintiffs reallege the allegations set forth in all prior paragraphs of this complaint as if set forth here in full.

44.     When dealing with the Daughtrys concerning the Policy and the death and burial of David Daughtry, Birdsong, Birdsong Peanuts, Segers and Crozier, by and through their agents, employees and representatives, intentionally or recklessly caused David Daughtry and the Sons emotional distress so severe that no reasonable person could be expected to endure it.

45.     When dealing with plaintiffs concerning the Policy and the death and burial of David Daughtry, Birdsong, Birdsong Peanuts, Segers and Crozier, by and through their agents, employees and

representatives, exhibited conduct that was extreme and outrageous and went beyond all possible bounds of decency and would be regarded as atrocious and utterly intolerable in a civilized society.

WHEREFORE, the Daughtrys demand judgment against Birdsong, Birdsong Peanuts, Segers and Crozier for compensatory and punitive damages in an amount to be determined by a jury, mental anguish and emotional distress, interest and costs of this action.

## COUNT VI
### (BREACH OF CONTRACT)

46.     Plaintiffs reallege the allegations set forth in all prior paragraphs of this complaint as if set forth here in full.

47.     Birdsong, Birdsong Peanut, Segers and Crozier and the Daughtrys entered into a verbal and/or written agreement by which Birdsong, Birdsong Peanut, Segers and Crozier, by and through their agents, employees and representatives, promised David Daughtry and the Sons on several occasions that Birdsong, Birdsong Peanuts, Segers and Crozier would "see to it" and "take care of" the change of beneficiary on and/or had taken care of the change of beneficiary on the Policy, and Birdsong, Birdsong Peanuts, Segers and Crozier promised to ensure that the Sons would be paid the benefits from the Policy.

48.     Birdsong, Birdsong Peanuts, Segers and Crozier breached the agreement by failing to ensure that the Sons were listed as beneficiaries on the Policy, by failing to cause the change of the beneficiaries under the Policy to be changed to solely the Sons, and by failing to ensure that and cause the proceeds from the Policy to be paid to the Sons.

WHEREFORE, the Daughtrys demand judgment against Birdsong, Birdsong Peanut, Segar and Crozier in such sum and amount of compensatory damages as a jury deems reasonable, together with interest and costs of this proceeding.

F:\WPDUES\PLEADINGS\DAUGHTRY\01-AMENDED COMP.DOC

11

Respectfully submitted this 18ᵗʰ day of May, 2001.

W. Davis Malone, III (MAL012)
Attorney for the plaintiffs

OF COUNSEL:

FARMER, FARMER, MALONE & SHERRER, P.A.
112 West Troy Street
Post Office Drawer 668
Dothan, Alabama 36302-0668
(334) 794-8596

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand that all issues in this action be tried by a jury.

W. Davis Malone, III (MAL012)
Attorney for the plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing First Amended Complaint on:

Evans J. Plowden, Jr.
Watson, Spence, Lowe and
     Chambless, LLP
Post Office Box 2008
Albany, GA 31702-2008.

Birdsong Corporation
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

Birdsong Peanuts
Highway 134
Newton, Alabama 36352

Birdsong Peanuts
612 Madison Avenue
Suffolk, Virginia 23434-4028

Wilton Segers
120 Pebble Creek Circle
Ozark, Alabama 36360

I:\WPDOC\PLEADINGS\COMPLAINTS\DATR-JURY\DI-AMENDED COMP.DOC

12

Richard Crozier
c/o Birdsong Peanuts
Post Office Box 650
Blakely, Georgia 31723

by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this **18**
___ day of May, 2001.

W. Davis Malone, III

SERVE COMPLAINT AND AMENDED COMPLAINT
ON DEFENDANT BY CERTIFIED MAIL AT:

Life Insurance Company of North America
c/o The CT Corporation, Registered Agent
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109-5421



FILED
DATE ENTRY AL
MAY 1 8 2001



# EXHIBITS TO THIS DOCUMENT NOT SCANNED